IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| AMANDA HEINISCH, Individually and on behalf of her minor child, K.S., | : : : |
| Plaintiffs, | : : |
| v. | : CASE NO.: 1:14-cv-41 (WLS) : |
| ALEX CHRISTOPHER BERNARDINI, SAVANNAH CHRISTIAN CHURCH, INC., REBECCA G. CROWE, and BRYAN COUNTY, GEORGIA | : : : : |
| Defendants. | : : : |

**ORDER**

Before the Court are several motions from Defendants Bryan County, Georgia and Rebecca G. Crowe: Motion to Transfer Case (Doc. 11), Amended Motion to Transfer Case (Doc. 14), Renewed Motion to Dismiss or Transfer Case (Doc. 29), Motion to Dismiss for Failure to State a Claim (Doc. 11), Renewed Motion to Dismiss for Failure to State a Claim (Doc. 27), Motion to Stay Discovery (Doc. 13), and Renewed Motion to Stay Discovery (Doc. 28). On August 15, 2014, the Court granted Plaintiff's Motion to Amend Complaint, and on September 23, 2014, Plaintiff filed an amended complaint. (Docs. 25, 26.) For the reasons set forth below, the Court **GRANTS** Defendants' Renewed Motion to Transfer Case (Doc. 29) and **DENIES** Defendants' Motion to Transfer Case (Doc. 11) and Amended Motion to Transfer Case (Doc. 14) as moot.

**DISCUSSION**

A party may move to dismiss a claim for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Where a defendant moves to dismiss for improper venue, "the plaintiff bears the burden of showing that venue in the forum is proper." *Home Insurance Co. v. Thomas Industries, Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990). In order to overcome a motion to dismiss for improper venue, "the plaintiff must present only a prima facie showing of

venue . . . .&rdquo; *DeLong Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988). Further, &ldquo;[t]he facts as alleged in the complaint are taken as true to the extent they are uncontroverted by defendants' affidavits.&rdquo; *Id.*

28 U.S.C. Section 1391 provides that venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Section 1391 defines residency of a natural person as &ldquo;the judicial district in which that person is domiciled&rdquo; and residency of an entity with capacity to sue and be sued as &ldquo;any judicial district in which such defendant is subject to the court's personal jurisdiction.&rdquo;

None of the Parties assert that the third provision of Section 1391 is applicable here. Rather, Defendants assert that because no part of the claims arose in the Middle District of Georgia and none of the Defendants reside in the Middle District, venue is not proper here. (Doc. 29.) Plaintiff states that she chose the Middle District of Georgia as the venue for this case because Defendant Bernardini, who is incarcerated in Calhoun State Prison, Calhoun County, Georgia, resides there. Defendants argue that venue is improper because Defendant Bernardini is not a resident of the Middle District. (Doc. 18 at 1-2.)

First, the Court notes that Plaintiff has not pleaded that any of the alleged events took place in the Middle District of Georgia. Rather, Plaintiff has pleaded that all of the events giving rise to the claim took place in the Southern District of Georgia. The Court therefore finds that if venue were to be determined on the basis of Section 1391(b)(2), venue would only be proper in the Southern District of Georgia. Further, Plaintiff pleaded and Defendants have not contested that Defendants Bryan County and Crowe are residents of the Southern District of Georgia for venue purposes. (Docs. 29 at 1; 26 at 1-2.) For this reason, the Court declines to address the propriety of venue as to Plaintiff's claims against those Defendants. The Court now considers only whether venue is proper in the Middle

District of Georgia under Section 1391(b)(1) based on Defendant Bernardini's residency, taking as true the pleaded fact that Defendants Bryan County and Crowe are residents of the Southern District of Georgia.

Defendant Bernardini is currently incarcerated at Calhoun State Prison, located in Calhoun County, which lies in the Middle District of Georgia. Under Section 1391(c)(1). Prior to incarceration, Bernardini resided in Chatham County, Georgia. (Doc 29 at 1.) Defendant Bernardini is a resident of the judicial district in which he is domiciled. However, Defendants argue that Bernardini is domiciled where he resided prior to incarceration. (Doc. 29 at 2-4.) Defendant Bernardini has made no pleadings regarding his domicile, but Defendants Bryan County and Crowe submitted an affidavit from Crowe in which she swore that the Clerk of the Superior Court of Bryan County's file on Defendant Bernardini's conviction states that his last home address was in Savannah, Chatham County, Georgia. (Doc. 14-1 at 1-2.)

Defendants Bryan County and Crowe rely on *Polakoff v. Henderson*, a case in which the district court, later affirmed by the Fifth Circuit,[1] held, "A prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration." 370 F. Supp. 690, 693 (N.D. Ga. 1973), *aff'd* 488 F. 2d 977 (5th Cir. 1974). Though the *Polakoff* court was considering the prisoner's domicile for purposes of determining whether diversity jurisdiction existed under 28 U.S.C. Section 1332, the legislative intent in the most recent amendment to Section 1391 was that the word "domicile" carry the same meaning in both Sections 1332 and 1391. H.R. Rep. No. 112-10, at 21 (2011). Further, the Eleventh Circuit has held that a defendant's domicile is his "permanent" residence, that place where a defendant "has his true, fixed, and permanent home, and to which he has the intention of returning in the future although he may presently be absent therefrom." *Manley v. Engram*, 755 F.2d 1463, 1466 n. 3 (11th Cir. 1985). The legislative intent behind the most recent amendment to the venue statute was to preclude consideration of defendants' temporary residences for venue purposes. H.R. Report 112-10 at 20-21.

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Plaintiff cites *Stifel v. Hopkins*, a Sixth Circuit case holding that "[n]o good reason appears for applying a contrary *per se rule* to [a prisoner] by making the presumption that he has retained his former domicile an irrebuttable one." 477 F.2d 1116, 1124 (6th Cir. 1973). In *Stifel*, the Sixth Circuit did not hold that a prisoner is always domiciled in the place of his incarceration, but rather that a prisoner could make a showing that his intent to remain in the place of his incarceration sufficient to establish domicile there. Plaintiff also cites a similar case from the Seventh Circuit. *Sullivan v. Freeman*, 944 F.2d 334 (7th Cir. 1991). Even if this precedent from sister Circuits were binding in the Eleventh Circuit, it would merely implement a *rebuttable* presumption instead of a *per se* rule that a prisoner's domicile does not automatically change to the place of his incarceration. Here, Defendant Bernardini has made no showing that he intends to make Calhoun County his place of domicile. A presumption of unchanged domicile has not been rebutted. The Court therefore finds that Defendant Bernardini is a resident of Chatham County, Georgia where he resided prior to incarceration.

Based on the pleadings, the Court finds that no defendants reside in the Middle District of Georgia and none of the alleged events giving rise to Plaintiff's claims took place in the Middle District of Georgia. Accordingly, the Court finds that venue is improper in the Middle District. 28 U.S.C. Section 1406(a) commits the decision whether to dismiss for improper venue or transfer to a proper venue in the interest of justice to the sound discretion of the Court. *Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982). There is, however, a presumption in favor of transfer over dismissal. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *Simbaqueba v. U.S. Department of Defense*, 2010 WL 2990042 at * 3 (S.D. Ga. 2010). The Court finds that transferring this case to the Southern District of Georgia is in the interest of justice.

## **CONCLUSION**

Based on the foregoing reasons, it is hereby **ORDERED** that Defendants Crowe's and Bryan County, Georgia's Renewed Motion to Transfer (Doc. 29) is **GRANTED**. Accordingly, the Court declines to address Defendants' Renewed Motion to Dismiss (Doc. 27) and Renewed Motion to Stay Discovery (Doc. 28). Defendants' original Motions to Transfer (Doc. 11), Dismiss (Doc. 12), and Stay Discovery (Doc. 13) and Amended Motion

4

to Transfer (Doc. 14) are **DENIED** as moot. The Clerk of Court is **DIRECTED** to process this matter for transfer to the U.S. District Court for the Southern District of Georgia for resolution.

  **SO ORDERED**, this 3rd day of October, 2014.

            /s/ W. Louis Sands_____
            **W. LOUIS SANDS, JUDGE**
            **UNITED STATES DISTRICT COURT**